United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10073

ASHRAF IBRAHIM, also known as Ash Abraham

Plaintiff - Appellant

v.

UNISTAR FINANCIAL SERVICES LLC, ET AL

Defendants

UNISTAR FINANCIAL SERVICES LLD; UNISTAR FINANCIAL SERVICE CORP;
ESTATE PAINT & BODY OF TEXAS LLC; US FIDELITY HOLDING CORP; F
JEFFREY NELSON; JAMES LEACH; MORRIS B BELZBERG; PATRICK
RASTIELLO; BRENT BROWN; PAUL CARVER; DOUGLAS GERRARD

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas, Dallas
No. 3:02-CV-1296-N

Before KING, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury in the Northern District of Texas entered a take-
nothing verdict in Plaintiff-Appellant Ashraf Ibrahim's suit
against Unistar Financial Service Corp, several affiliated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

entities, and directors and officers. Ibrahim appeals. He argues first that the district court incorrectly charged the jury on the standard of care applicable to a corporation's directors and officers, having used Texas law when Delaware law should have been applied. Ibrahim is correct on one point: Delaware law should have been applied. We agree with the defendants-appellees, however, that Ibrahim did not, in his challenge to the jury instruction, state "distinctly the matter objected to and the grounds of the objection," as required by Fed. R. Civ. P. 51. His objection did not mention Delaware law, nor did it set forth what he viewed as the correct instruction. Hence, we review for plain error. We cannot discern from Ibrahim's brief how a Delaware-based instruction would have differed in any material way from the instruction given, nor can we see what difference it would have made to the outcome here. This point of error fails.

Ibrahim's second point on appeal relates to a breach of contract claim. At trial, Ibrahim had a variety of theories underlying this claim, but on appeal he briefs only the issue of whether stock restricted under Rule 144 (17 C.F.R. § 230.144) satisfies the contractual promise of "publicly trading" stock. All defendants except Unistar Financial Services, LLC ("LLC") argued that they were not parties to the contract and could not be liable for any alleged breach. The district court agreed with that argument and entered a directed verdict for all the defendants except LLC. The jury found for LLC. Ibrahim does not

-2-

quarrel with the jury instruction with its premise that, as a matter of law, the shares issued to Ibrahim were required to be so restricted. In short, he points to no error in the district court that would justify vacating the jury verdict on this point. If what he wanted was unrestricted shares of a publicly trading stock, he should have structured the deal differently.

Finally, Ibrahim argues that the defendants tortiously interfered with the employment contract between him and Estate Paint and Body of Texas, LLP ("Estate"). The district court granted a directed verdict on this point, holding that the defendants were corporate affiliates or directors of LLC, the parent of Estate, and could not, as a matter of law, interfere with the employment contract. In his brief, Ibrahim argues only that Morris Belsberg, a director, had a conflict of interest which could serve as a basis for concluding that his actions were motivated by personal interests. The jury, however, found that Belsberg had not breached his duty of loyalty, and Ibrahim does not challenge this finding. This would preclude any liability for interference with the employment contract.

The judgment of the district court is AFFIRMED.